Roger R. Crane, Jr. (RC-0469)
Marc A. Rogovin (MR-1994)
K&L GATES LLP
599 Lexington Avenue
New York, New York  10022
(Roger.Crane@klgates.com)
(Marc.Rogovin@klgates.com)

*Attorneys for Defendant Kaza Azteca America Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

HISPANIC INDEPENDENT TELEVISION
SALES, LLC, n/k/a HISPANIC MEDIA
WORKS,

                Plaintiff,      : Index No.: 10 cv 0932 (SHS)

          v.

KAZA AZTECA AMERICA INC.,

                Defendant.

------------------------------------------------------------x

## ANSWER, AFFIRMATIVE DEFENSE AND COUNTERCLAIM

Defendant Kaza Azteca America Inc. ("KAZA"), by its attorneys K&L Gates LLP, answers the complaint filed by Plaintiff Hispanic Independent Television Sales, LLC, now known as Hispanic Media Works ("HITS"), as follows:

1.      KAZA denies the allegations in paragraph 1.  KAZA avers that they omit Azteca America Spot Television Sales ("Spot Sales"), a wholly-owned subsidiary of Interep National Radio Sales, Inc. ("Interep"), as a party to the National Television Sales Agreement (the "KAZA Agreement"), and further avers that in December of 2005, Interep, Spot Sales, and KAZA entered into the KAZA Agreement, which Spot Sales and Interep subsequently breached.  KAZA avers that pursuant to the KAZA Agreement, KAZA is entitled to damages as a result of Spot

Sales' and Interep's material breach of the KAZA Agreement and is entitled to offset such damages against the alleged amount of accounts receivable sought by HITS. (*See* Affirmative Defense/Recoupment/Counterclaim ¶¶ 1-34).

2. KAZA denies knowledge or information sufficient to form a belief as to the allegations in paragraph 2.

3. KAZA admits the allegations in paragraph 3.

4. KAZA admits the allegations in paragraph 4.

5. KAZA denies the allegations in paragraph 5 to the extent that they omit Spot Sales as a party to the KAZA Agreement, and avers that in December of 2005, Interep, Spot Sales, and KAZA entered into the KAZA Agreement, which Spot Sales and Interep subsequently breached.

6. Paragraph 6 purports to characterize the contents of the KAZA Agreement. The KAZA Agreement speaks for itself and therefore KAZA is not required to admit or deny said characterization.

7. Paragraph 7 purports to characterize the contents of the KAZA Agreement. The KAZA Agreement speaks for itself and therefore KAZA is not required to admit or deny said characterization.

8. KAZA denies the allegations in paragraph 8 except admits that some national television spots and advertising time were sold. To the extent paragraph 8 purports to characterize the contents of the KAZA Agreement, the KAZA Agreement speaks for itself and therefore KAZA is not required to admit or deny said characterization.

9. KAZA denies the allegations in paragraph 9 and avers that KAZA has no obligations to Interep and/or Spot Sales because of their breach of the KAZA Agreement.

2

10. KAZA denies the allegations in paragraph 10 that the KAZA accounts receivable are outstanding and avers that KAZA has incurred substantial damages as a result of Spot Sales' and Interep's breach of the KAZA Agreement that offset the alleged amount of accounts receivable sought by HITS.

11. KAZA denies the allegations in paragraph 11, and avers that KAZA has incurred substantial damages as a result of Spot Sales' and Interep's breach of the KAZA Agreement that offset the alleged amount of accounts receivable sought by HITS.

12. KAZA admits the allegations in paragraph 12.

13. KAZA admits the allegations in paragraph 13.

14. KAZA admits that it filed a proof of claim on May 16, 2008 in the bankruptcy proceeding styled as *In re Interep National Radio Sales Inc., et al*, Case No. 08-11079, in the SDNY Bankruptcy Court, but KAZA answers that the proof of claim speaks for itself.

15. KAZA admits the allegations in paragraph 15.

16. KAZA admits that a copy of the Asset Purchase Agreement is attached as Exhibit B to the Complaint, but KAZA answers that the Asset Purchase Agreement speaks for itself.

17. Paragraph 17 purports to characterize the terms of the Asset Purchase Agreement. The Asset Purchase Agreement speaks for itself and therefore KAZA is not required to admit or deny said characterization.

18. KAZA admits the allegations in paragraph 18.

19. KAZA admits the allegations in paragraph 19.

20. KAZA denies the allegations in paragraph 20 except admits that the SDNY Bankruptcy Court approved the sale of the KAZA accounts receivable to HITS pursuant to the Asset Purchase Agreement, but did not allow the KAZA Agreement, among others, to be assigned or assumed. KAZA denies the remainder of paragraph 20 and avers that during the

3

hearing on the Sale Motion, counsel for KAZA maintained its objection to the amount owed under the accounts receivable, which the Bankruptcy Court acknowledged, stating that, "[i]f their accounts receivable are in dispute[,] that is something that will be worked out through negotiation or mediation."

21. Paragraph 21 purports to characterize the contents of the SDNY Bankruptcy Court's Order dated January 6, 2009. The Order speaks for itself and therefore KAZA is not required to admit or deny said characterization.

22. KAZA denies the allegations in paragraph 22 and avers that the Order did not require any action on the part of KAZA.

23. KAZA admits the allegations in paragraph 23.

24. KAZA denies the allegations in paragraph 24 except admits that, among other reasons KAZA refuses to pay HITS, KAZA has incurred substantial damages as a result of Spot Sales' and Interep's breach of the KAZA Agreement that offset the alleged amount of accounts receivable sought by HITS.

25. The allegations in paragraph 25 constitute conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations that require a response, KAZA denies same.

26. KAZA re-alleges its answers to paragraphs 1 through 25 as if fully set forth herein.

27. KAZA denies the allegations in paragraph 27 to the extent that they omit Spot Sales as a party to the KAZA Agreement, and avers that in December of 2005, Interep, Spot Sales, and KAZA entered into the KAZA Agreement, which Spot Sales and Interep subsequently breached.

28. KAZA denies the allegations in paragraph 28.

4

29. KAZA denies the allegations in paragraph 29.

30. KAZA admits the allegations in paragraph 30.

31. KAZA admits the allegations in paragraph 31.

32. KAZA denies the allegations in paragraph 32, and avers that pursuant to the KAZA Agreement, KAZA has incurred substantial damages as a result of Spot Sales' and Interep's breach of the KAZA Agreement that offset the alleged amount of accounts receivable sought by HITS.

33. KAZA denies the allegations in paragraph 33 except admits that it refuses to pay the amount sought in this action.

34. The allegations in paragraph 34 constitute conclusions of law to which no response is required. To the extent that this paragraph contains factual allegations that require a response, KAZA denies same.

### AFFIRMATIVE DEFENSE/RECOUPMENT/COUNTERCLAIM

Kaza Azteca America Inc. ("KAZA"), by its attorneys K&L Gates LLP, as and for its affirmative defense/recoupment/counterclaim against Plaintiff Hispanic Independent Television Sales, LLC, now known as Hispanic Media Works (the "Counterclaim-Defendant" or "HITS"), upon knowledge as to matters in which it was directly involved and upon information and belief as to all other matters, hereby alleges as follows:

### PARTIES

1. Defendant and Counterclaim-Plaintiff Kaza Azteca America Inc. is a corporation organized and existing under the laws of California with its principal place of business in California.

2. Plaintiff and Counterclaim-Defendant Hispanic Independent Television Sales, LLC, now known as Hispanic Media Works, ("HITS"), was a limited liability company

5

organized and existing under the laws of Delaware with its principal place of business in New York.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## FACTUAL BACKGROUND

The KAZA Agreement

5. In December of 2005, Interep National Radio Sales, Inc. ("Interep"), a New York corporation, Azteca America Spot Television Sales, Inc. ("Spot Sales"), a New York corporation and wholly-owned subsidiary of Interep, and KAZA, a California corporation, entered into a National Television Sales Agreement (the "KAZA Agreement").

6. Under the heading "Exclusive Representation," Section 2(a) of the KAZA Agreement states that Spot Sales "agrees to serve as KAZA's exclusive national representative for the sale of national television spot ... advertising time ...." Section 2(b) of the KAZA Agreement states that Spot Sales "will be maintained as a separate subsidiary of Interep dedicated exclusively to the representation of Hispanic television properties, including those of KAZA ... [and] shall employ no fewer than 20 dedicated salespersons at all times during the Term ...."

7. During the contract term, Spot Sales continued to represent Spanish language television stations other than KAZA. Spot Sales also failed to provide the specified sales force.

8. Pursuant to the KAZA Agreement, KAZA is entitled to damages as a result of Spot Sales' and Interep's material breaches of the KAZA Agreement. The total amount of damages suffered by KAZA has not been fully determined.

The Bankruptcy Proceeding

9. On March 30, 2008, Interep and its direct and indirect wholly-owned subsidiaries (collectively, the "Debtors") filed petitions for relief under Chapter 11 of Title 11 of the Untied States Code (the "Bankruptcy Code").

10. On October 24, 2008, the United States Bankruptcy Court for the Southern District of New York (the "SDNY Bankruptcy Court") entered an order converting the Debtors' Chapter 11 cases to cases under Chapter 7 and appointed Kenneth P. Silverman (the "Trustee") to serve as interim trustee. The bankruptcy proceeding, *In re Interep National Radio Sales Inc., et al*, Case No. 08-11079, is pending in the SDNY Bankruptcy Court.

The Asset Purchase Agreement

11. On December 3, 2008, the Trustee filed a "Motion for Entry of Order: (1) Authorizing and Approving the Terms and Conditions of Asset Purchase Agreement between Trustee and Hispanic Independent Television Sales, LLC ("HITS") Subject to Higher and Better Offers; (2) Shortening Notice of the Hearing and Fixing the Date for the Filing of Objections." (the "Sale Motion").

12. An Asset Purchase Agreement ("APA") was entered into on December 3, 2008, by and between HITS (the "Buyer") and the Trustee on behalf of Interep (the "Seller").

13. Section 1.1(a) of the APA states that "the Trustee shall sell, assign, transfer, convey, and deliver to the Buyer, and the Buyer shall purchase, assume and accept, all of the Trustee's right, title and interest in and to the assets of the Business and the Subs identified on

7

Schedule A ...." The APA indicates that the purchase price for the acquired assets would not exceed $150,000.00.

14. Schedule A of the APA lists "KAZA" under the heading "Assumed Contracts" as well as "all accounts receivable of the Sellers outstanding on the Closing Date."

15. On December 19, 2008, KAZA filed an Objection to the Sale Motion on the grounds that: (1) two principals of HITS were principals of the Debtors; (ii) the consideration undervalued the acquired assets; (iii) the Agreements had not properly been assumed since the breaches had not been cured and there was no adequate assurance of future performance and (iv) the contracts were personal service contracts and could not be assumed.

16. A hearing on the Sale Motion was held on January 5, 2009, in the SDNY Bankruptcy Court before Judge Robert D. Drain.

17. Counsel for HITS, Blank Rome, LLP, participated in the January 5, 2009 Sale Motion hearing.

18. The Bankruptcy Court ruled on the Sale Motion, allowing Interep's Trustee to sell the KAZA accounts receivable to HITS, but not allowing the KAZA Agreement, among others, to be assigned and assumed.

19. During the hearing on the Sale Motion, counsel for KAZA maintained its objection to the amount owed under the accounts receivable, which Judge Drain acknowledged, stating that, "[i]f their accounts receivable are in dispute[,] that is something that will be worked out through negotiation or mediation."

20. On April 7, 2009, KAZA received a letter from counsel for Interep's Trustee requesting that KAZA either settle or pay the "Past Due Receivables" pursuant to the Asset Purchase Agreement between HITS and Interep's Trustee. The letter does not set forth the amount allegedly owed.

21.     On April 16, 2009, KAZA responded to the letter from counsel for the Trustee, informing counsel that it had incurred substantial damages as a result of Spot Sales' and Interep's breach of the KAZA Agreement that greatly exceed any alleged outstanding payment obligations, and that "due to KAZA's setoff and recoupment rights, all liability to Trustee Silverman is denied."

The Instant Litigation

22.     On January 5, 2010, HITS commenced an action for $578,996.01 in the Supreme Court of New York, New York County, to recover the accounts receivable from KAZA that it acquired as part of the APA.

23.     Pursuant to the expedited procedure provided in N.Y. CPLR § 3213, the action was brought as a "Motion for Summary Judgment in lieu of Complaint."

24.     KAZA filed a notice of removal in this Court on February 4, 2010.

25.     On February 4, 2011, following a hearing, this Court denied HITS's motion and ordered that a complaint be filed and served by HITS no later than February 14, 2011. HITS filed its complaint against KAZA on February 10, 2011.

HITS Purchased KAZA's Accounts Receivable Subject To Pre-Existing Liabilities

26.     HITS, as assignee of KAZA's accounts receivable, is subject to the pre-existing liabilities arising by virtue of the KAZA Agreement out of which the receivable was created, including KAZA's affirmative defense/recoupment/counterclaim asserted herein.

27.     The amount of damages incurred by KAZA equals or exceeds the alleged amount of accounts receivable sought by HITS in this action.

## COUNT I

### Breach of Contract

28. KAZA repeats and realleges paragraphs 1 through 27 of the counterclaim as if they are fully set forth herein.

29. Under Section 2 of the KAZA Agreement, Interep's wholly-owned subsidiary, Spot Sales, contracted to serve exclusively as KAZA's nations sales representative to facilitate the sale of national television advertising time.

30. Notwithstanding the contractual obligations of Spot Sales to act exclusively for the respective benefit of KAZA, Spot Sales continued to actively represent Spanish language television stations other than KAZA.

31. Spot Sales' actions were a direct violation of the exclusivity provisions and materially breached the KAZA Agreement.

32. Spot Sales also breached its agreement to provide a sales force of a minimum of twenty professionals dedicated exclusively to Spot Sales' marketing efforts.

33. KAZA has incurred substantial economic injury as a result of Spot Sales and Interep's breach.

34. The amount of damages incurred by KAZA equals or exceeds the alleged amount of accounts receivable sought by HITS.

### REQUEST FOR RELIEF

WHEREFORE, KAZA requests judgment for damages that equal or exceed the alleged amount of accounts receivable sought by HITS, including but not limited to damages for KAZA's reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       March 6, 2011

Respectfully submitted,

K&L Gates LLP

By: _____  
Roger R. Crane, Jr. (RC-0469)  
Marc A. Rogovin (MR-1994)  
599 Lexington Avenue  
New York, New York 10022  
(212) 536-3900  
*Attorneys for Defendant, Kaza Azteca America Inc.*

## **CERTIFICATE OF SERVICE**

  The undersigned certifies this 4th day of March, 2011 that a true and correct copy of the foregoing Answer and Affirmative Defense, was served by way of the Court's ECF system upon all counsel of record.

_____
Marc A. Rogovin (MR-1994)