USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HISPANIC INDEPENDENT TELEVISION       :
SALES, LLC, N/K/A HISPANIC MEDIA      :
WORKS,                                :
                                      :    10 Civ. 932 (SHS)
                    Plaintiff,        :
                                      :    OPINION AND ORDER
         -against-                    :
                                      :
KAZA AZTECA AMERICA INC.,             :
                                      :
                    Defendant.        :
-----------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Hispanic Independent Television Sales LLC ("HITS") brings this action against defendant

Kaza Azteca America Inc. ("Kaza") principally to recover $578,996.01 that HITS alleges is owed

to its predecessor in interest, Interep National Radio Sales ("Interep"), for services rendered by

Interep to Kaza pursuant to a contract between them. Kaza has filed what it refers to as a

counterclaim[1] asserting that Interep breached that contract by violating its exclusivity provision

and by failing to maintain the contractually-required sales force. HITS now moves to dismiss

Kaza's "counterclaim" pursuant to Federal Rule of Civil Procedure 12(b)(6).

Because (1) Kaza's "counterclaim" is actually an affirmative defense sounding in

recoupment and (2) it was not extinguished by the sale in bankruptcy of Interep's accounts

receivable, Kaza has pled sufficient facts to state a plausible defense and plaintiff's motion is

denied.

---

[1] Kaza's claim is actually entitled "Affirmative Defense/Recoupment/Counterclaim." (Ans. and Countercl. at 5.) As a technical matter, equitable recoupment is an affirmative defense, and not a counterclaim. *See, e.g., Folger Adam Sec., Inc. v. DeMatteis/MacGregor, J.V.*, 209 F.3d 252, 260 (3d Cir. 2000); *Daewoo Int'l (Am.) Corp. Creditor Trust v. SSTS Am. Corp.*, No. 02 Civ. 9629, 2003 U.S. Dist. LEXIS 9802, at *17 (S.D.N.Y. June 9, 2003).

## I.     BACKGROUND

### A.     The Sales Agreement

In December 2005, Interep and one of its wholly-owned subsidiaries entered into a

National Television Sales Representation Agreement (the "Sales Agreement") with Kaza.  (Def.'s

Ans., Affirmative Defense, and Countercl. ("Ans.") ¶ 5 at 2; Sales Agreement, Ex. A to

Declaration of Michael Rowe dated Mar. 11, 2011 ("Rowe Decl.").)[2]  Pursuant to the Sales

Agreement, Kaza retained Interep to sell television spots to be aired during Kaza's regularly

scheduled television programming.  (Ans. ¶ 6 at 6; Ex. A to Rowe Decl. ¶ 2(a).)  Interep obligated

itself to "serve as Kaza's exclusive national representative for the sale of national television spot . .

. advertising time . . . ."  (Ans. ¶ 6 at 6; Ex. A to Rowe Decl. ¶ 2(a)), and "employ no fewer than

20 dedicated salespersons at all times during the Term . . ."  (Ans. ¶ 6 at 6; Ex. A to Rowe Decl. ¶

2(b)(iii).)  In turn, Kaza agreed to pay Interep a commission based upon the revenue from the sale

of the television spots.  (Ex. A to Rowe  Decl. ¶ 3.)  Kaza admits that "some national television

spots and advertising time" were sold.  (Ans. ¶ 8 at 2.)

### B.     The Bankruptcy Proceeding

#### 1.     The Bankruptcy Filing

On March 30, 2008, Interep and its subsidiaries filed for bankruptcy protection pursuant to

Chapter 11 of Title 11 of the United States Code.  (Ans. ¶ 9 at 7.)  In October 2008, the U.S.

Bankruptcy Court for the Southern District of New York entered an order converting Interep's

---

[2] Ordinarily when considering a motion to dismiss a pleading pursuant to Rule 12(b)(6), the court should treat the motion as one for summary judgment if "matters outside the pleading are presented to and not excluded by the court." *See, e.g., Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 154-55 (2d Cir. 2006). However, "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Id.*; *see also Reliance Ins. Co. v. Polyvision Corp.*, 474 F.3d 54, 57 (2d Cir. 2007).

In this case, both parties repeatedly submitted materials outside the pleadings and each had full notice of what the other was doing, and neither objected.  As both parties have reviewed the documents extraneous to the complaint, and referred and cited to those documents in their memoranda of law and their letter briefs, it is clear that Kaza, the non-moving party, has actual notice of these documents.  The Court will therefore, as the parties wish, consider these documents in the context of HITS's motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6).

Chapter 11 proceeding into a Chapter 7 proceeding, and appointed Kenneth P. Silverman

("Trustee") as interim trustee. (Ans. ¶ 10 at 7.) The bankruptcy proceeding, *In re Interep National*

*Radio Sales Inc., et al*, No. 08-11079, is currently pending in the bankruptcy court. (Ans. ¶ 10 at

7.)

### 2.    *Kaza's Proof of Claim*

In May 2008, Kaza filed a proof of claim in the bankruptcy proceeding asserting that

Interep breached its contract with Kaza. (Ex. C to Rowe Decl.) Kaza claimed that it was entitled

to liquidated damages as a result of Interep's material breach of the Sales Agreement and that it

was "withholding the $522,536.55 otherwise owed to Interep to satisfy, in part, the total liquidated

damages owed to Kaza." (Ex. C to Rowe Decl.)

### 3.    *The Sale of Assets to HITS*

On December 3, 2008, HITS and the Trustee entered into an Asset Purchase Agreement.

Pursuant to the Asset Purchase Agreement, the Trustee assigned to HITS its right to "all accounts

receivable of the Sellers [Interep] outstanding on the Closing Date," and provided that HITS would

assume the contract with Kaza. (Ans. ¶¶ 13-14 at 7-8; Schedule A, Ex. F to Rowe Decl.) The

accounts receivable related to Kaza's account were among the assets assigned to HITS by the

Asset Purchase Agreement. (Ans. ¶ 14 at 8; Schedule A, Ex. F to Rowe Decl.) The Trustee also

filed a motion in bankruptcy court asking for that court's approval and authorization of the terms

and conditions of the Asset Purchase Agreement. (Ans. ¶ 11 at 7.)

Kaza filed an objection to the Trustee's motion for approval of the Asset Purchase

Agreement, and on January 5, 2009 a hearing on the motion was held before U.S. Bankruptcy

Judge Robert Drain. (Ans. ¶ 16 at 8.) The bankruptcy court ruled that the Trustee could sell

Kaza's accounts receivable to HITS, but the Kaza Agreement, among others, could not be assigned

and assumed. (Ans. ¶ 18 at 8.)

> 4.   *The Disallowance of Kaza's Proof of Claim and Kaza's Motion for Reconsideration*

In December 2010, Interep filed a Sixteenth Omnibus Objection to Certain Proofs of Claim which objected to Kaza's proof of claim—among other claims—because "[t]he claim does not identify any liability owed by Debtors or an amount due" and because "Debtor's books and records indicate no liability to this creditor." (Ex. D to Rowe Decl.)  Kaza did not file a response to Interep's Objection.  (Def.'s Mem. of Law in Opp. to Pl's Mot. to Dismiss at 5.)

Approximately six weeks later, the Bankruptcy Court entered an Order Granting Trustee's Sixteenth Omnibus Objection to Certain Proofs of Claim.  (Ex. E to Rowe Decl.)  This Order disallowed Kaza's breach of contract claim.  (Ex. E to Rowe Decl.)

In March 2011, Kaza filed a Motion for Reconsideration requesting that the Bankruptcy Court set aside the order granting the Claim Objection with respect to Kaza's claim.  (Ex. A to Crane Affidavit dated Mar. 23, 2011 ("Crane Aff.").)  In its motion, Kaza stated that it intended to withdraw its proof of claim if its motion was granted.  (Ex. A to Crane Aff. at 2.)

On September 12, 2011, Judge Drain heard argument on Kaza's motion for reconsideration.  (Tr. of Hr'g on Mot. to Recons., Ex. A to Letter from Michael Rowe dated Sept. 21, 2011 ("Rowe Letter").)  The Bankruptcy Court then delivered its opinion from the bench, stating that "I will grant the motion [for reconsideration], again on the condition that the claim can be withdrawn against the debtor." (Ex. A to Rowe Letter at 26:19-20.)

C.   This Action

In early 2010, HITS commenced an action for $578,996.01 in the Supreme Court of New York, New York County, to recover the accounts receivable from Kaza that it had acquired from Interep.  (Ans. ¶ 22 at 9.)  The action was brought as a "Motion for Summary Judgment in Lieu of Complaint" pursuant to the expedited procedure provided in N.Y. C.P.L.R. § 3213.  (Ans. ¶ 23 at 9.)  Kaza removed the proceeding to this Court on February 4, 2010.  (Ans. ¶ 24 at 9; Notice of

Removal dated Feb. 4, 2010); subsequently, after oral argument, this Court denied HITS's motion and ordered that a complaint be filed and served by HITS (Ans. ¶ 25 at 9; Order dated Feb. 4, 2011), which it did (Ans. ¶ 25 at 9; Compl.).  Kaza thereafter filed its answer and counterclaim. (*See* Ans.)  HITS now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the counterclaim for failure to state a claim upon which relief can be granted.

## II.    DISCUSSION

### A.    Legal Standard

A motion to dismiss a counterclaim pursuant to Rule 12(b)(6) is evaluated under the same standard applicable to a motion to dismiss a complaint for failure to state a claim upon which relief may be granted.  *See Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622 (S.D.N.Y. 2008).  In resolving this motion, a court accepts the truth of the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  A complaint will survive a Rule 12(b)(6) motion only if it sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A complaint satisfies this plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### B.    The Bankruptcy Court Proceedings have not Estopped Kaza from Asserting its Counterclaim

HITS argues that Judge Drain "found that Kaza's breach of contract counterclaim is not for recoupment," and that this finding collaterally estops Kaza from arguing that its breach of contract counterclaim is for recoupment.  (Letter from Michael Rowe dated Sept. 21, 2011 at 1.)  HITS

bases its argument on an exchange between Kaza's counsel and the Bankruptcy Court during the

hearing on Kaza's motion for reconsideration. This exchange proceeded as follows:

> **Counsel**: Your Honor, I think just one more point. We addressed this with respect to whether or not the Trustee or the debtor's estates would if any way be—their positional change that they claim was allowed or disallowed our position that it would not change, we think that we can assert our recoupment defense whether the claim is allowed or disallowed and that's just based on the fact that an order disallowing our claim does not in any way extinguish a right of a claimant to raise an affirmative defense.

> **The Court**: Well, except it's—that doesn't strike me as recoupment. I mean, it—you're asserting a breach of a contract based on the two breaches that I just discussed. The HITS claim is for accounts receivable. To me that's not recoupment and if it were recoupment you wouldn't need the— you're right. You wouldn't need this in the first place which would probably defeat your motion because then you wouldn't be prejudiced. So I—but it's really based on my belief that this is not recoupment that I think you've actually shown that you are prejudiced or your client is prejudiced by having a claim be disallowed.
> Ok. The motion before me is a motion by Kaza Azteca America, Inc., for reconsideration of my prior order disallowing its proof of claim in this case . . .
> (Ex. A to Rowe Letter 20:3-25.)

Issue preclusion, or collateral estoppel, bars "successive litigation of an issue of fact or law

actually litigated and resolved in a valid court determination essential to the prior judgment." *New

Hampshire v. Maine*, 532 U.S. 742, 748 (2001). It is manifest from the bankruptcy court record

that this issue was never "actually litigated" or "resolved in a valid court determination essential to

the prior judgment."

First, the issue of recoupment was never "actually litigated." The primary purpose of the

hearing in question was to hear argument on Kaza's motion for reconsideration (*see* Ex. A to Rowe

Letter 5:25-28:6) and the briefing that preceded the hearing was related entirely to that motion.

(*See* Kaza's Mot. for Recons., Ex. B to Rowe Letter; Trustee's Objection to Mot. to Reconsider

Filed by Kaza Azteca America, Inc., Ex. C to Rowe Letter; Kaza's Reply to Trustee's Objection to

Mot. to Reconsider Filed by Kaza Azteca America, Inc., Ex. D to Rowe Letter.) The briefing, and

the hearing, concerned whether Kaza could meet the three factors set forth in *American Alliance*

6

*Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57 (2d Cir. 1996), to determine whether a motion for reconsideration of the disallowance of a claim may be granted on the basis of excusable neglect. At the hearing, the only discussion of recoupment was fleeting and only Kaza's counsel participated in that discussion. As the parties did not brief or argue the issue of recoupment, the issue was never "actually litigated." *See Florida v. United States Army Corps Eng'r (In re MDL-1824 Tri-State Water Rights Litig.)*, 644 F.3d 1160, 1189 (11th Cir. 2011) (finding that statements in a previous opinion had no preclusive effect because the parties "did not brief the issue" and the "matter was addressed as an afterthought").

Second, Judge Drain's comment at the hearing on the motion for reconsideration cannot be considered "a valid court determination essential to the prior judgment." As noted above, the issue of "excusable neglect" took up the bulk of the substantive discussion at the hearing and was the core issue in the bankruptcy court's decision. Judge Drain, immediately after the brief discussion on recoupment—which is set forth in its entirety above—stated "Ok. The motion before me is a motion by Kaza Azteca America, Inc., for reconsideration of my prior order disallowing its proof of claim in this case." (Ex. A to Rowe Letter 20:23-25.) The bankruptcy court therefore marked a clear distinction between the topic of recoupment and the issue that was properly before that court at the time. Because the motion pending before that court did not directly deal with the issue of recoupment, and because the bankruptcy court's remarks do not appear to be intended to represent the court's final disposition of the issue, the statements at the hearing do not constitute the requisite "valid court determination essential to the prior judgment" to estop Kaza from asserting its affirmative defense. *See New Hampshire*, 532 U.S. at 748.

> C.     The Defense of Recoupment is not Extinguished by a Section 363(f) Sale

Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property free and clear of "any interest" that any entity has in such a property. 11 U.S.C. § 363(f). The Trustee sold

7

Interep's accounts receivable to HITS pursuant to Sections 363 (b) and (f) of the Bankruptcy Code, and the court ordered the assets to be sold "free and clear of all liens, claims, encumbrances and other interests . . . " (Order Authorizing and Approving the Terms and Conditions of Asset Purchase Agreement Between Trustee and Hispanic Independent Television Sales, LLC Subject to Higher and Better Offers dated Jan. 6, 2009 at 1-2, Ex. G to Rowe Decl.) The sale, therefore, extinguished any breach of contract claim for damages by Kaza against Interep. *See id.*; *Folger Adam Sec., Inc. v. DeMatteis/MacGregor, J.V.*, 209 F.3d 252, 257 (3d Cir. 2000).

However, sales pursuant to section 363(f) do not extinguish affirmative defenses. *See, e.g., Folger Adam Sec., Inc.*, 209 F.3d at 260. As recoupment is a defense, it is not extinguished by a section 363(f) sale. *See id.* ("[A] right of recoupment is a defense and not an interest and therefore is not extinguished by a § 363(f) sale."); *Daewoo Int'l (Am.) Corp. Creditor Trust v. SSTS Am. Corp.*, No. 02 Civ. 9629, 2003 U.S. Dist. LEXIS 9802, at *17 (S.D.N.Y. June 9, 2003) ("[R]ecoupment is not a 'claim' within the meaning of the Bankruptcy Code..."). Therefore, if Kaza's claim sounds in recoupment, it survived the bankruptcy sale.

D.    Kaza Can Assert a Claim for Recoupment

Recoupment is "a deduction from a money claim through a process whereby cross demands arising out of the same transaction are allowed to compensate one another . . . [S]uch a process does not allow one transaction to be offset against another, but only permits a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole." *Constantino v. State*, 4 N.Y.S.2d 966, 968-69 (N.Y. Ct. Cl. 1979) (citing *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 299 (1946)).

8

"In determining recoupment and setoff rights, we apply nonbankruptcy law."
*Westinghouse Credit Corp v. D'Urso*, 278 F.3d 138, 146 (2d Cir. 2002).  In New York,[3] to assert
the defense of recoupment, a party must have a "legally subsisting cause of action upon which it
could maintain an independent claim," *see In re Stock Exchs. Options Trading Antitrust Litig.*, No.
99 Civ. 0962, 2005 U.S. Dist. LEXIS 13734, at *45 (S.D.N.Y. July 8, 2005), and the claim of
recoupment must arise "out of a single integrated transaction so that it would be inequitable for the
debtor to enjoy the benefits of that transaction without also meeting its obligations."
*Westinghouse*, 278 F.3d at 147 (citing *Malinowski v. N.Y. State Dep't of Labor (In re Malinowski)*,
156 F.3d 131, 133 (2d Cir. 1998)).

*1.    Kaza's Counterclaim is a Legally Subsisting Claim*

"In order to assert the defense of equitable recoupment, a party must have a legally
subsisting cause of action upon which it could maintain an independent claim."  *In re Stock Exchs.
Options Trading Antitrust Litig.*, No. 99 Civ. 0962, 2005 U.S. Dist. LEXIS 13734, at *45
(S.D.N.Y. July 8, 2005) (quoting *Telmark, Inc. v. C&R Farms, Inc.*, 115 A.D.2d 966 (1985)).

The parties have supplied—and the Court has found—no binding authority that speaks to
the meaning of "legally subsisting."  If "legally subsisting" were to mean "presently existing," then
Kaza would have no claim in recoupment, as it presently has no affirmative claim for breach of
contract because any "claims" were extinguished by the bankruptcy sale.  However, New York law
appears to support a broader conception of "legally subsisting."  For example, a New York state
court held that a claim of equitable recoupment survived a statute of limitations challenge.  *See
Title Guarantee & Trust Co. v Hicks*, 283 A.D. 723, 723 (2d Dep't 1954).  The Second Circuit has
also noted that under the doctrine of equitable recoupment, "a defense that would be time-barred as

---

[3] We apply New York law in this case in light of the New York choice of law provisions in both the Asset
Purchase Agreement and the original Sales Agreement and the fact that both parties rely on New York law. (Sales
Agreement, Ex. A to Rowe Decl. ¶ 12(d); Asset Purchase Agreement, Ex. F to Rowe Decl. Art. 9.4(a).)

a claim for affirmative relief may be used to reduce an adverse recovery where the defense establishes an equitable defect inhering in the adverse party's claim. The doctrine is founded in considerations of fairness; it would be highly inequitable to permit a party to place a question before a court and prevent the opposing party from disputing issues lying at the foundation of the claim." *118 East 60th Owners Inc. v. Bonner Props. Inc.*, 677 F.2d 200, 203 (2d Cir. 1982).

In addition, the U.S. District Court for the Western District of New York permitted a claim in recoupment (based upon breach of contract) against a company in bankruptcy even though a reorganization plan had become effective, and the plan permanently enjoined "all entities holding claims against the debtors . . . from commencing or continuing any actions or proceeding to collect any property from the debtors on account of such claims." *Global Crossing Bandwidth, Inc.* v. *Locus Telecomm.*, 632 F. Supp. 2d 224, 229-233 (W.D.N.Y. 2009).

Finally, a New York Court of Appeals case from 1915 held that a claim in recoupment was not extinguished by the assignment of the claim, stating, in somewhat convoluted fashion, that "the assignee was notified by the assignment that the assigned right sprang from a contract entered into by and obligating the assignor, that the obligation of the debtor to pay was based upon the obligation of the assignor a violation of which would entitle the debtor to the right of recoupment, and the assignee occupied, as to the assigned claim, the place and position of the assignor—at least as to rights accruing prior to a notice to the debtor of the assignment." *Seibert v. Dunn*, 216 N.Y. 237, 245 (1915). The Court of Appeals, which had been called upon to interpret a statutory provision regarding the nature of a counterclaim, wrote that the court should not interpret the statutory language to deprive the defendant of a recoupment claim—which would otherwise have been the defendant's right under the common law—unless the statute absolutely compelled it. *Id.*

The case law indicates that a claim in recoupment can survive a statute of limitations, *see Title Guarantee & Trust Co.*, 283 A.D. at 723, *118 East 60th Owners Inc.*, 677 F.2d at 203, a

10

bankruptcy reorganization plan, *see Global Crossing Bandwidth, Inc.*, 632 F. Supp. 2d at 229-233, and an assignment of the original claim, *see Seibert*, 216 N.Y. at 245.  In each if these cases, the party asserting the recoupment defense lacked a presently existing affirmative claim, yet was able to proceed with its recoupment defense.  Given the equitable nature and purpose of a recoupment claim, and its generous treatment in the existing case law, the Court finds that Kaza has a "legally subsisting cause of action."  *See In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99 Civ. 0962, 2005 U.S. Dist. LEXIS 13734, at \*45 (S.D.N.Y. July 8, 2005).

> 2.   *Kaza's Counterclaim Is Part of the Same Transaction as HITS's claim*

A defense of recoupment must arise "out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations."  *Westinghouse Credit Corp v. D'Urso*, 278 F.3d 138, 147 (2d Cir. 2002) (citing *Malinowski v. N.Y. State Dep't of Labor (In re Malinowski)*, 156 F.3d 131, 133 (2d Cir. 1998)).  "Even where the parties' claims arise from a single contract, if the contract itself contemplates the business to be transacted as discrete and independent units, recoupment may not be applied."  *Id.* (internal quotations omitted).   Here, the parties' claims both arise out of the same contract—the original Sales Agreement.  Kaza's claim in recoupment "arises directly out of the transactions that form the basis for [plaintiff's] claims against [defendant] . . . "  *Global Crossing Bandwidth, Inc.* v. *Locus Telecomm.*, 632 F. Supp. 2d 224, 232 (W.D.N.Y. 2009) (finding that a recoupment defense met the "same transaction" requirement where the plaintiff sued to recover past-due amounts for telecommunication services rendered under a contract, and the defendant's recoupment defense alleged a breach of that same contract).  In addition, it would be "difficult if not impossible to separate [plaintiff's] claims from [defendant's] counterclaim."  *Id.*  Kaza's recoupment defense therefore satisfies the requirement that the defense arise out of the same transaction as the plaintiff's claim.

11

As Kaza has pleaded sufficient facts to show that it has (1) a "legally subsisting cause of action upon which it could maintain an independent claim," *see In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99 Civ. 0962, 2005 U.S. Dist. LEXIS 13734, at *45 (S.D.N.Y. July 8, 2005), and (2) that its recoupment defense arises "out of a single integrated transaction," *Westinghouse Credit Corp v. D'Urso*, 278 F.3d 138, 147 (2d Cir. 2002), Kaza has properly pled a valid affirmative defense of recoupment.

## III.    CONCLUSION

As Kaza has pled adequate facts to establish the affirmative defense of recoupment, it may proceed with that affirmative defense.  HITS's motion is denied.


Dated: New York, New York
March 30, 2012


SO ORDERED:

Sidney H. Stein, U.S.D.J.

12